## Spellman *v.* Kelly, Appellant.

*Liquor law—Adulteration—Act of March* 29, 1860, *P. L.* 346—*Suit for price of liquor—Affidavit of defense.*

A mere averment in an affidavit of defense that liquors were impure, vitiated and adulterated, without averring that such impurity, vitiation or adulteration impaired the quality or value of the goods, or stating facts which would necessarily imply such impairment, is not sufficient to prevent judgment in an action for the price of liquors sold and delivered.

Argued Oct. 21, 1904. Appeal, No. 130, Oct. T., 1904, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1904, No. 3341, making absolute rule for judgment for want of a sufficient affidavit of defense in case of E. L. Spellman and J. J. Oesterlein, trading as· E. L. Spellman & Company v. Joseph Kelly. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON JJ. Affirmed.

Assumpsit for liquors sold and delivered.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Thad. L. Vanderslice,* with him *G. A. Swayze,* for appellant.— The fact that wines or liquors are impure, vitiated and adulterated constitutes a good legal defense to an action for the price thereof: Clohessy v. Roedelheim, 99 Pa. 56.

The sale is ultra vires, because, if the liquors were adulterated within the meaning of the act, the act imposes a penalty for the sale of them within this state, and therefore, because of the imposition of the penalty, by the act, the contract cannot be. enforced: Mitchell v. Smith, 1 Binn. 110 ; Eberman v. Reitzel, 1 W. & S. 181; Seidenbender v. Charles, 4 S. & R. 151.

*Henry N. Wessel,* for appellees.—Regardless of statutory enactment the affidavit in this case is clearly insufficient: Paper Co. v. Bogert, 23 Pa. Superior Ct. 23 ; Penn Shovel Co. v. Phelphs, 24 Pa. Superior Ct. 595; Warner v. Smith, 2 W. N. C.

107; Douglass v. Bank, 4 W. N. C. 163; Stansbury v. Oppenheimer, 19 W. N. C. 182; Iron Co. v. Vandervort, 164 Pa. 572; Boro. of North Braddock v. Traction Co., 8 Pa. Superior Ct. 233; Bateman v. Grand Fraternity, 18 Pa. Superior Ct. 385.

The defendant has not brought himself within the provisions of the Act of March 29, 1860, P. L. 346.

OPINION BY PORTER, J., December 12, 1904:

The affidavit of defense which was by the learned court below adjudged to be insufficient did not explicitly aver a warranty of the goods for the recovery of the price of which this action was brought, and even if it had done so, the defendant after having had ample opportunity to examine and judge of the character of the goods retained and used them. The only ground upon which it has been here seriously contended that the affidavit was sufficient is that it avers : " That he (the defendant) is informed and believes and expects to be able to prove that the said liquors delivered to him were not pure liquors but were impure, vitiated and adulterated; " in the language of the Act of March 29, 1860, P. L. 346. The statute in question was construed by the Supreme Court in Clohessy v. Roedelheim, Bing & Co., 99 Pa. 56 ; and it was there held that the impurity, vitiation or adulteration of liquors which, under the provisions of the act, constituted a defense in an action for the price of the same, must be such as to impair their quality or value. The allegation of this affidavit of defense would be sustained by evidence that there had been introduced into the liquors any substance foreign to and not essential in the manufacture of such liquors absolutely pure, without regard to whether the quality or value of the liquor was thereby impaired or benefited. The defendant, at a trial, would have proved all that he here declares himself able to prove by the production of evidence which established that the liquors were to the least extent impure, but having thus proved everything averred in the affidavit he would still be required, upon the authority of the case above cited, to go further and prove that the impurity was of such a character as to impair the quality or value of the liquors. In other words, he would be required to prove more than he has here averred, in order to make out his defense. An affidavit setting up this defense

should either aver that the impurity, vitiation or adulteration of the liquors impairs their quality or value, or should state facts which would necessarily imply such impairment. An allegation that a poisonous or noxious ingredient had been added to the liquors would necessarily imply that the quality was impaired, and so an averment that the apparent amount of the liquor had been considerably increased by the addition of a given proportion of water or other inexpensive liquid would necessarily imply an impairment of value. We are of opinion that the affidavit did not sufficiently aver facts necessary to constitute a defense.

The judgment of the court below is affirmed.